UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DOORDASH, INC.,** <br><br> Defendant | **Case No. 6:20-cv-00764** <br><br> **JURY TRIAL DEMANDED** |

**<u>DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF FACTS ............................................................................................... 1

III.  LEGAL STANDARD ....................................................................................................... 2

IV.  ARGUMENT .................................................................................................................... 3

   A.  Count I of the Complaint fails to plausibly allege direct infringement and should therefore be dismissed ........................................................................................................................ 3

   B.  Counts II, III, and IV of the Complaint fail to plausibly allege direct infringement and should be dismissed ........................................................................................................... 7

     i.  Count II of the Complaint ignores limitations of claim 18 of the '086 patent and should be dismissed ............................................................................................................... 8

     ii.  Count III of the Complaint ignores limitations of claim 1 of the '864 patent and should be dismissed ............................................................................................................... 8

     iii.  Count IV of the Complaint ignores limitations of claim 1 of the '000 patent and should be dismissed ............................................................................................................... 9

   C.  Plaintiff's allegations of willful infringement are insufficiently pleaded and should be dismissed ........................................................................................................................ 10

V.  CONCLUSION ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 2, 8

*Bowlby v. City of Aberdeen, Miss.*,
    681 F.3d 215 (5th Cir. 2012) ......................................................................................... 2

*Carlton v. Freer Inv. Group, Ltd.*,
    Case No. 5:15-CV-946-DAE, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017)
    (Ezra, J.) ........................................................................................................ 2, 8, 9, 10

*Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*,
    424 F.3d 1293 (Fed. Cir. 2005) ..................................................................................... 3

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............. 3, 6

*Halo Electronics Inc. v. Pule Electronics, Inc.*,
    136 S. Ct. 1923 (2016) ................................................................................................ 11

*L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*,
    Case # 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017) ............... 6, 7

*Nalco Co v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ..................................................................................... 2

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
    No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........................... 6, 7

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............... 10, 11

*ParkerVision, Inc. v. Qualcomm Inc.*,
    903 F.3d 1354 (Fed. Cir. 2018) ..................................................................................... 3

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d 351 (D. Del. 2017) .......................................................................... 2, 6

**I.     INTRODUCTION**

Defendant DoorDash, Inc. ("DoorDash") hereby moves this Court to dismiss the entirety of Plaintiff GreatGigz Solutions, LLC's ("GreatGigz") complaint ("Complaint") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The Complaint fails to put DoorDash on proper notice of how any of its products or services infringe any of the patents.  Instead, the Complaint only gives the barest description of how DoorDash allegedly infringes and merely identifies general components such as "servers, hardware, software, and a collection of related and/or linked web pages and mobile applications" as the "Accused Instrumentalities."  (ECF No. 1 at ¶ 46).  This generic, non-specific language fails to meet the pleading standard set by *Twombly*, *Iqbal*, and the Federal Rules of Civil Procedure.  Therefore, DoorDash respectfully moves this Court to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

**II.    STATEMENT OF FACTS**

GreatGigz filed its Complaint on August 21, 2020, alleging patent infringement against DoorDash and asserting U.S. Patent Nos. 6,662,194 ("the '194 Patent") (Ex. A); 7,490,086 ("the '086 Patent") (Ex. B); 9,760,864 ("the '864 Patent") (Ex. C); and 10,096,000 ("the '000 Patent") (Ex. D).  (ECF No. 1).  GreatGigz alleges direct infringement of each patent in separate counts: I, II, III, and IV, respectively.  GreatGigz also alleges willful infringement of two of the asserted patents; the '194, and the '086 patents.  The Complaint does not allege, however, that DoorDash had any knowledge of these patents prior to the filing of this lawsuit, and instead only states that DoorDash had knowledge of these two patents "at least as early as the date it received service of this Original Complaint."  (*Id.* at ¶¶ 48, 62).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint have a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The pleader's obligation to state the grounds of entitled relief requires "more than labels and conclusions" to survive a Rule 12(b)(6) motion. *Id.* at 555.

GreatGigz must allege claims that "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Iqbal* 556 U.S. at 679 (internal citations omitted). Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 218 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Finally, "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Group, Ltd.*, Case No. 5:15-CV-946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017) (Ezra, J.).

Thus, to plead direct infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted). To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; a plaintiff must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements. *See, e.g.*, *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del.

2017) (granting the motion to dismiss because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products.").

As this Court has previously held, a complaint does not meet the required pleading standard where the complaint fails to: (a) identify the actors who practiced each element of the allegedly infringed claim; or to (b) provide any description of how the allegedly infringing products meet all limitations of the allegedly infringed claims. *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) ("Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation, his complaint fails to state a claim upon which relief can be granted.").

## IV. ARGUMENT

### A. Count I of the Complaint fails to plausibly allege direct infringement and should therefore be dismissed

As the Federal Circuit "explained long ago . . . [a]pparatus claims cover what a device *is*, not what a device *does*." *ParkerVision, Inc. v. Qualcomm Inc.*, 903 F.3d 1354, 1361 (Fed. Cir. 2018) (internal citations omitted, emphasis in original). Furthermore, an apparatus claim is not infringed when an alleged infringer does not themselves make the apparatus with all of the structural limitations. *See Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (holding that the manufacturer of the accused apparatus did not infringe because non-agent third parties constructed the accused apparatus).

GreatGigz accuses DoorDash of infringing at least claim 25 of the '194 patent. (ECF No. 1 at ¶ 50). GreatGigz offers its definition of the allegedly infringing DoorDash apparatus as comprising "servers, hardware, software, and a collection of related and/or linked web pages and mobile applications for providing job search and/or recruitment services to individuals (including job seekers, contractors, and employers) in the United States." (ECF No. 1 at ¶ 46). It further

alleges that the "public-facing aspect of the DoorDash apparatus is the DoorDash website . . . together with the associated DoorDash Mobile Applications for Consumers and Drivers." *Id.* It calls these items the "Accused Instrumentalities." *Id.*

This broad of an allegation alone makes it impossible to decipher specifically who and what is alleged to infringe claim 25 of the '194 patent. However, GreatGigz then compounds the issue further by introducing alleged third-party actors such as the DoorDash "Dasher" and the user of the DoorDash App, and then GreatGigz refuses to delineate which actors perform which part of the apparatus or Accused Instrumentality.

For example, claim 25 of the '194 patent requires a memory device, a receiver, a processing device, and a transmitter. It requires that these components perform specific functions, and the claim elements include:

1. "a memory device for storing at least one of work schedule information and scheduling information for at least one of an individual, an independent contractor, a temporary worker, and a freelancer;"

2. "a receiver for receiving a first request, wherein the first request contains information regarding a request to obtain at least one of work schedule information and scheduling information for the at least on of an individual, an independent contractor, a temporary worker, and a freelancer, wherein the first request is received from a first communication device associated with an employer or hiring entity;"

3. "a processing device for processing information contained in the first request, wherein the processing device generates a first message containing the at least one of work schedule information and scheduling information for the at least one of an individual, an independent contractor, a temporary worker, and a freelancer; and"

4. "a transmitter for transmitting the first message to the first communication device, wherein the receiver receives a second request, wherein the second request contains information for at least one of reserving, engaging, and requesting, the services of the at least one of an individual, an independent contractor, a temporary worker, and a freelancer, wherein at least one of the processing device processes the information contained in the second request and at least one of reserves, engages, and requests, the services of the at least one of an individual, an independent contractor, a temporary worker, and a freelancer, the processing device generates a second message containing information regarding the second request, and the

>transmitter transmits a second message containing information regarding the second request to a second communication device associated with the at least one of an individual, an independent contractor, a temporary worker, and a freelancer."

Ex. A at cl. 25.

GreatGigz asserts in its Complaint that "[o]n information and belief, the DoorDash Accused Instrumentalities comprise data centers housing memory devices, processing devices, receivers, and transmitters." (ECF No. 1 at ¶ 52). It cites only to six unlabeled and unexplained screenshots of what appear to be webpages detailing various technical services offered by Amazon Web Services, a third-party, with no explanation as to how DoorDash allegedly interacts with them, much less what association to the asserted claim each screenshot has. (*Id.* at 18–19). Then, in rote form, GreatGigz states what the Accused Instrumentality does using only the language from the claim for *some* of the elements, and then cites to unlabeled, unexplained, uncaptioned screenshots. (*Id.* 20-27.)

Indeed, GreatGigz fails to fully address several limitations of claim 25 of the '194 patent. For example, the claim language requires a "receiver" for "receiving a first request," and which also "receives a second request." This limitation is only addressed in paragraph 55 of the complaint, which reads:

> The DoorDash Accused Instrumentalities *comprise a receiver for receiving a first request from a communication device associated with a hiring entity* (e.g., the user of the DoorDash Consumer App and/or the user of the DoorDash web page at DoorDash.com). On information and belief, when a user seeks to place a food order using the DoorDash apparatus, a first request is generated to obtain the work schedule information for the known available Dashers (independent contractors) in order to generate an estimated time of arrival (ETA). If acceptable, the user has the option of placing the food order and completing the transaction.

(ECF No. 1 at ¶ 55) (emphasis added). There is no allegation the receiver receives a second request.

For this lengthy paragraph addressing several other claim elements (*e.g.*, "a first request"), GreatGigz cites to six largely unlabeled screenshots and offers no direction as to which screenshot supports which claim element or where in the screenshot the claim elements can be found. (*See* ECF No. 1 at 25, 23–27).

Screenshots without elaboration fall far short of the pleading requirements of *Twombly* and *Iqbal*. Indeed, this Court recently dismissed *with prejudice* the claims of a plaintiff that "only presented three screenshots of evidence without explaining how that evidence show[ed]" how a defendant infringed an element of a claim. *De La Vega*, 2020 WL 3528411, at *6. GreatGigz has done nothing more here than "copy the language of a claim element, and then baldly stat[e] (without more)" that DoorDash's Accused Instrumentalities have such an element. *See North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017).

District courts analyzing the issue have generally agreed that pleadings that boil down to "[y]our product infringes my patent claim" amount to "little more than a conclusory statement." *Id.*; *see also L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*, Case # 16-CV-06534-FPG, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17, 2017) (concluding that plaintiff failed to satisfy the pleading standard for its direct infringement claim where, to the extent that plaintiff's complaint alleged that defendant performed each step of the patent claim at issue, it only did so by "parroting the patent claim and prefacing it with an introductory attribution to [d]efendant."); *SIPCO*, 230 F. Supp. 3d at 353 ("Right now, Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe ou[r] patents. This is insufficient to plausibly allege patent infringement.").

Instead, a plaintiff must "articulate *why it is plausible* that the other party's product infringes the patent claim." *North Star*, 2017 WL 5501489, at *2 (emphasis in the original). GreatGigz did not do that here; rather, it merely described DoorDash's "conduct solely in the words of its own patent," and thus "implicitly conclude[d] that [d]efendant's process necessarily meets every element of the patent claim—a legal determination, not a factual allegation." *L.M. Sessler*, 2017 WL 4652709, at *4. Because GreatGigz has not provided any description of how the Accused Instrumentalities allegedly meet multiple limitations of claim 25 of the '194 patent, Count I should be dismissed for failure to state a claim upon which relief can be granted.

> **B.     Counts II, III, and IV of the Complaint fail to plausibly allege direct infringement and should be dismissed**

Plaintiff's allegations in Counts II, III, and IV are also deficient and should be dismissed for the same reasons discussed in Section III(A). Indeed, these three counts are pled with even fewer allegations than Count I.

In Counts II, III, and IV, GreatGigz alleges that DoorDash infringes claim 18 of the '086 Patent, claim 1 of the '864 Patent, and claim 1 of the '000 patent. (ECF No. 1 at ¶¶ 64, 77,89). Plaintiff's allegations in Counts II, III, and IV omit any reference to the already unexplained screenshots used to support the allegations in Count I. In lieu of this, Counts II, III, and IV repeatedly instruct DoorDash to "*see* above" without reference to claim elements or paragraph numbers, even for claim elements that did not exist "above." For example, in Count II at ¶ 69, GreatGigz states "[t]he DoorDash Accused Instrumentalities comprise a processing device which automatically detects searching events" and cites to "[*s*]*ee* above." (ECF No. 1 at ¶ 69). But the claim limitation "searching event[]" is not included in any of the claim language in Count I. Thus, not only is DoorDash left to glean which claim elements GreatGigz is attempting to support with the screenshots actually (though deficiently) cited by the paragraphs in Count I, it is also required

to map new claim elements onto potentially any one of the above screenshots. Accordingly, these deficient allegations do not provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. On this basis alone, the allegations in Counts II, III, and IV should be dismissed because they do not plausibly state a claim for direct infringement.

As in Count I, however, the allegations in Counts II, III, and IV also fail to address a number of claim limitations. On this separate and additional basis, the Court should dismiss these counts under Fed. R. Civ. P. 12(b)(6), for the following reasons.

> i. **Count II of the Complaint ignores limitations of claim 18 of the '086 patent and should be dismissed**

Count II alleges direct infringement of claim 18 of the '086 patent. (ECF No. 1 at ¶ 64). But as with Count I, Count II of the Complaint fails to allege that the DoorDash Accused Instrumentalities infringe a number of claim limitations.

For example, the Complaint fails to identify in the Accused Instrumentalities a "processing device which automatically detects searching events, which occur when a user of the DoorDash apparatus submits a food order." (ECF No. 1 at ¶ 69). As discussed above, the Complaint again simply cites to "*see* above" with no further elaboration. (*Id.*). Therefore, because Count II of the Complaint fails to support every element of claim 18 of the '086 patent, the allegations contained in Count II must be dismissed. *See Carlton*, 2017 WL 11046201, at *8.

> ii. **Count III of the Complaint ignores limitations of claim 1 of the '864 patent and should be dismissed**

Count III alleges direct infringement of claim 1 of the '864 patent. (ECF No. 1 at ¶ 77). As with Counts I and II, Count III of the Complaint fails to address a number of limitations recited in claim 1 of the '864 patent.

The Complaint fails to identify the Accused Instrumentalities a processor "associated with a website, and . . . specially programed to process or to provide job search information, recruitment

information, or recruitment-related information" as recited in claim 1 of the '864 patent. *See* Ex. C at cl 1. Count III of the Complaint does state that the Accused Instrumentalities contain a processing device, but nowhere does it allege that it is (1) associated with a website, or (2) "specially programed to process or to provide job search information, recruitment information, or recruitment-related information" as the claim elements require.

Additionally, the Complaint is completely silent on the final limitation of claim 1 of the '864 patent, which requires:

> wherein the apparatus processes the information contained in the second request and generates a second message containing information regarding the second request, and further wherein the apparatus transmits the second message to a second communication device, wherein the second communication device is associated with the individual, the independent contractor, the temporary worker, or the freelancer.

Ex. C at cl 1.

Therefore, because Count III of the Complaint fails to support every element of claim 1 of the '864 patent, the allegations contained in Count III must be dismissed. *See Carlton*, 2017 WL 11046201, at *8.

### iii. Count IV of the Complaint ignores limitations of claim 1 of the '000 patent and should be dismissed

Count IV alleges direct infringement of claim 1 of the '000 patent. (ECF No. 1 at ¶ 89). But, as with Counts I, II, and III, GreatGigz fails to address at least one claim limitation in the identified claim.

For example, Claim 1 of the '000 patent requires a *second request* that provides information *to an employer or hiring entity*:

> processes information contained in a second request, wherein the *second request* contains information for offering services of the individual, the independent contractor, the temporary worker, or the freelancer*, to the employer or hiring entity, or contains information for the employer or hiring entity* reserving or requesting

>the services of the individual, the independent contractor, the temporary worker, or the freelancer.

Ex. D at cl 1 (emphasis added).

GreatGigz's Complaint identifies the "hiring entity" as "the use of the DoorDash Consumer App and/or the user of the DoorDash web page at DoorDash.com," or more succinctly, the consumer rather than the DoorDash Dasher. (ECF No. 1 at ¶ 55). But then GreatGigz alleges that "when a consumer submits a food order using the DoorDash Accused Instrumentalities, the food order comprises a second request to engage and obtain the DoorDash Dasher." (*Id.* at ¶ 95). Therefore, as alleged by GreatGigz, the second request provides information to the DoorDash Dasher, *and not* to the hiring entity (i.e. consumer) as the claim language requires. Thus, because Count IV of the Complaint fails to support every element of claim 1 of the '000 patent, the allegations contained in Count IV must be dismissed. *See Carlton*, 2017 WL 11046201, at *8.

### C. Plaintiff's allegations of willful infringement are insufficiently pleaded and should be dismissed

This Court recently explained that to state a claim for willful infringement, a plaintiff must "allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Additionally, a plaintiff "should plead willfulness with sufficient articulation of the relevant fact." *Id.*

Here, any claim for pre-suit willful infringement is barred by GreatGigz's own implicit concession that there are no facts to support such a claim when they pleaded only that DoorDash

"has been on actual notice" of the existence of the '194 and the '086 patents[1] "at least as early as the date it received service of this Original Complaint." (ECF No. 1 at ¶¶ 48, 62). Because GreatGigz has not pleaded facts that support an inference that DoorDash knew of the '194 and '086 patents prior to this lawsuit, it has not alleged facts "plausibly showing that as of the time of the claim's filing, the accused infringer . . . knew of the patent in suit." *Parity Networks*, 2019 WL 3940952, at *3.

Further, GreatGigz has not alleged any facts to support behavior on the part of DoorDash that could be characterized as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate" as the Supreme Court requires in order to award enhanced damages under the Patent Act. *Halo Electronics Inc. v. Pule Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016).

Because the Complaint fails to plead any factual support for its allegations of willful infringement, Plaintiff's willful infringement allegations are deficient and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## V.     CONCLUSION

For the foregoing reasons, DoorDash respectfully requests that this Court grant its Motion and dismiss GreatGigz's Complaint in its entirety for failure to plausibly state a claim for relief.

---

[1] GreatGigz does not allege willful infringement of the '864 nor the '000 patents.

Dated: November 2, 2020

Respectfully submitted,

By: */s/ Kathi Vidal*
Kathi Vidal *(Admitted Pro Hac Vice)*
California Bar No. 194971
WINSTON & STRAWN LLP
275 Middlefield Road Suite 205
Menlo Park, California 94025
Telephone: (650) 858-6500
Fax No.: (650) 858-6550
kvidal@winston.com

Rex A. Mann
Texas Bar No. 24075509
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, Texas 75201
Telephone: (214) 453-6500
Fax No.: (214) 453-6400
rmann@winston.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 2, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Rex A. Mann*
Rex A. Mann